### SMITH v. LOCKWOOD et al.

*(Superior Court of New York City, General Term.* May 2, 1892.)

CONTRACTS—PERFORMANCE—WAIVER OF CONDITIONS PRECEDENT.

　　Defendant's testator agreed to transfer to plaintiff 150 shares of the stock of a water company on acceptance by the company of its works, which were being constructed by testator. *Held,* in an action to enforce the agreement, that testator, having in his lifetime assigned his contract for the construction, and procured a release from the company, the defense that the work had never been turned over and accepted by the company was unavailing.

Exceptions from jury term.

Action by Charles H. Smith against Matilda F. Lockwood and another, executors of John Lockwood, deceased. A verdict for plaintiff was directed by the court, and defendants move for a new trial on exceptions ordered to be heard in the first instance at general term. Exceptions overruled.

Argued before SEDGWICK, C. J. and FREEDMAN and McADAM, JJ.

*G. L. Cheney,* for plaintiff. *L. L. Van Allen,* for defendants.

PER CURIAM. The testator in his lifetime made with the plaintiff an agreement whereby he promised to pay and transfer to the plaintiff 300 shares of the capital stock of the Staten Island Water Supply Company, the payment and transfer to be 150 shares, upon payment to him by said company of one half of the stock to be paid to him, pursuant to the contract with the company, and the remaining 150 shares when the works were turned over and accepted by said company. The action concerned only the last installment of 150 shares. The defense was that the work has never been turned over and accepted by the company. The reply to this is satisfactory. Before the works had been accepted by the company, the testator in his lifetime, before the completion of his contract, assigned it to a third party with the approval of the company, that at the same time released Lockwood, defendant's testator. On the face of the contract, and from extrinsic circumstances, it appears that the acceptance was referred to only as a date or time of payment. The testator was responsible solely, so far as appears, for the acceptance never taking place. He could not by his own act dissolve the obligation of the contract, and his executor remain liable upon it. The plaintiff was present at the meeting of the directors who released Lockwood from the contract, but he did not vote for or promote in any way the assent of the

company to Lockwood's assignment of the company or his release. Nothing shows any assent on his part to the course taken by Lockwood.

Defendants' exception overruled, and judgment ordered for plaintiff on verdict, with costs.